By the Court.
 

 This is an action in mandamus and originated in this court. Issue made by demurrer to the petition presents a controversy as to the construction of Section 176, General Code.
 

 The relator, an Ohio corporation, has heretofore been authorized to issue 70,000 shares of stock of no par value. Subsequently it submitted an amendment of its articles of incorporation, increasing the total number of authorized shares from 70,000 to 100,000, and tendered $900, which it asserts is the fee fixed by the statute. The secretary of state refused to accept said amendment, on the ground that the fee required under the provisions of the statute is $2,000.
 

 The portion of the statute involved is as follows:
 

 “See. 176. *' * * The secretary of state shall charge and collect the following fees for official services :
 

 “1. For filing and recording articles of ineorpo
 
 *330
 
 ration of a corporation having authorized shares of stock, with or without par value, a fee equal to the sum of
 

 “ (a) Ten cents for each share authorized up to and including ten thousand shares;
 

 “ (b) Five cents for each share authorized in excess of ten thousand shares up to and including fifty thousand shares;
 

 “(c) Three cents for each share authorized in excess of fifty thousand shares up to and including one hundred thousand shares;
 

 “(d) Two cents for each share, authorized in excess of one hundred thousand shares up to and including one hundred and fifty thousand shares;
 

 “(e) One cent for each share in excess of one hundred and fifty thousand shares.
 

 “In no event, however, shall the fee be less than twenty-five dollars.
 

 “2. For filing and recording a certificate of amendment increasing the number of shares which a corporation shall be authorized to issue,
 

 “A fee equal to the sum of
 

 “(a) Ten cents for each share authorized up to and including ten thousand shares;
 

 “ (b) Five cents for each share authorized in excess of ten thousand shares up to and including fifty thousand shares;
 

 “(c) Three cents for each share authorized in excess of fifty thousand shares up to and including one hundred thousand shares;
 

 “ (d) Two cents for each share authorized in excess of one hundred thousand shares up to and including one hundred and fifty thousand shares;
 

 “(e) One cent for each share in excess of one hundred and fifty thousand shares.
 

 
 *331
 
 “In no event, however, shall the fee be less than twenty-five dollars.”
 

 The relator contends that the language of subdivision 2, “the number of shares which a corporation shall be authorized to issue,” has reference to the total number of shares authorized, and that, therefore, in making the computation of the fee to be paid upon the filing of the certificate of amendment increasing the number of shares, the number of shares authorized in the first instance must be taken into consideration.
 

 If this contention of the relator is sound, then subdivision 2 is surplusage; for the computation for which relator contends is the same as if subdivision 2 had been entirely omitted.
 

 It is to be observed that subdivision 1 prescribes the schedule of fees to be charged and collected “for filing and recording articles of incorporation,” while subdivision 2 prescribes the same schedule of fees “for filing and recording a certificate of amendment increasing the number of shares which a corporation shall be authorized to issue.” The first deals only with fees for original incorporation, and the second deals only with the increase of shares by amendment. In the original transaction a certain number of shares are authorized, and the fee is based thereon; in the second transaction, a certain number of shares are thereby authorized and the fee is based thereon.
 

 It is urged that the entire fee should not be greater than if the total number of shares had been issued in the first instance; but the language employed by the Legislature is clear and unambiguous and it is not the province of the court, under the guise of con
 
 *332
 
 struction, to ignore the plain terms of a statute or to insert a provision not incorporated therein by the Legislature. The demurrer is sustained.
 

 Demurrer sustained.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day, and Allen, JJ., concur.
 

 Kinkade, J., dissents.