DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert Davenport, appeals the decision of the Akron Municipal Court, which found him guilty of making false allegations of a peace officer's misconduct. This Court reverses.
 I. {¶ 2} On January 8, 2003, Officer John Scalise of the Akron Police Department responded to a complaint alleging that there was an unattended vehicle at the intersection of Florida Avenue and 5th Avenue in Akron, Ohio. Upon arriving at the scene, Officer Scalise found the vehicle, but was unable to locate its identification number. Officer Scalise called for a tow truck to remove the vehicle. Appellant arrived at the scene and began to argue with Officer Scalise about whether the vehicle should be towed. Appellant refused to comply with Officer Scalise's request to be quiet. Officer Scalise arrested appellant for disorderly conduct, a violation of R.C. 2917.11.
 {¶ 3} Officer Pat Williamson arrived on the scene to assist Officer Scalise. While Officers Scalise and Williamson were walking appellant across the street to a police cruiser, appellant continued to struggle with the officers. Officer Jones then arrived on the scene to transport appellant to the jail. After the officers placed appellant in the back of the wagon, appellant indicated to Officer Jones that he wished to speak to a Sergeant because Officer Scalise had punched him.
 {¶ 4} Sergeant Bruce Graham was then called to the scene to investigate appellant's complaint. Prior to taking a taped statement from appellant, Sergeant Graham advised him that, if after a thorough investigation it was determined that his statement that Officer Scalise had punched him turned out to be false, appellant could be charged with making false allegations of a peace officer's misconduct. Appellant then made a taped statement that he had been struck three times on the side of his head by Officer Scalise.
 {¶ 5} In conducting his investigation, Sergeant Graham first spoke to Michelle Davenport, appellant's wife. Mrs. Davenport told Sergeant Graham that she was in a position to see everything that had happened, and that she did not see Officer Scalise strike appellant. Sergeant Graham also questioned the other officers on the scene and the driver of the tow truck, all of whom stated that Officer Scalise did not strike appellant. Officer Scalise stated that he did not strike appellant. In addition, Sergeant Graham observed no injuries on appellant's head.
 {¶ 6} After completing his investigation into the matter, Sergeant Graham charged appellant with making false allegations of a peace officer's misconduct in violation of R.C. 2921.15. Appellant pled no contest to the charge. After hearing a review of the facts, the trial court found appellant guilty and sentenced him accordingly.
 {¶ 7} Appellant timely appealed, asserting two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"MR. DAVENPORT'S ACTIONS IN THIS CASE ARE NOT SUFFICIENT TO SATISFY THE ELEMENTS OF FILING A FALSE COMPLAINT AGAINST A POLICE OFFICER FOUND IN REVISED CODE SECTION 2921.15"
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred in finding him guilty after he pled no contest to the charge of making false allegations of a peace officer's misconduct. Appellant contends that the statement of facts as presented to the trial court was insufficient to sustain a conviction for making false allegations of a peace officer's misconduct pursuant to R.C. 2921.15. Specifically, appellant argues that the taped statement he gave to Sergeant Graham did not constitute filing a complaint within the meaning of R.C.2921.15(B). This Court agrees.
 {¶ 9} R.C. 2937.07 deals with the plea of no contest in misdemeanor cases. R.C. 2937.07 provides that the trial court, after a plea of no contest, may make a finding of guilty or not guilty from the explanation of circumstances.[1]
 {¶ 10} Appellant was charged with making false allegations of a peace officer's misconduct, in violation of R.C. 2921.15, which provides, in relevant part:
"No person shall knowingly file a complaint against a peace officer that alleges that the peace officer engaged in misconduct in the performance of the officer's duties if the person knows that the allegation is false." R.C. 2921.15(B)
 {¶ 11} In construing R.C. 2921.15, this Court is guided by the rule of construction set forth in R.C. 2901.04: "[S]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 12} Although the title of R.C. 2921.15 is "Making false allegation of peace officer misconduct," the statute requires one to "file" a "complaint." "Title, Chapter, and section headings and marginal General Code section numbers do not constitute any part of the law as contained in the `Revised Code.'" R.C. 1.01
"[I]t is not the province of the court, under the guise of construction, to ignore the plain terms of a statute or to insert a provision not incorporated therein by the Legislature." Stateex rel. Defiance Spark Plug Corp. v. Brown (1929),121 Ohio St. 329, 331-332.
 {¶ 13} This Court notes that the legislature did not define the word "complaint" as used in R.C. 2921.15. However, R.C. 1.42
provides: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."
 {¶ 14} Webster's Revised Unabridged Dictionary (1913) 290, defines complaint, in law, as:
"A formal allegation or charge against a party made or presented to the appropriate court or officer, as for a wrong done or a crime committed (in the latter case, generally under oath); an information; accusation[.]"
 {¶ 15} This definition is consistent with the definition of complaint found in Crim.R. 3, which states:
"The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."
 {¶ 16} R.C. 1.11 provides that all criminal laws are to be strictly construed.
 {¶ 17} Webster's Revised Unabridged Dictionary (1913) 559, defines "file" as: "To bring before a court or legislative body by presenting proper papers in a regular way[.]"
 {¶ 18} Given the above definitions of "complaint" and "file", it is clear that appellant's actions in this case do not constitute filing a complaint within the meaning of R.C. 2921.15. After giving his taped statement to Sergeant Graham, appellant took no further action against Officer Scalise. In order to constitute filing a complaint, appellant would have needed to take further action.
 {¶ 19} Appellant's first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN FINDING THAT REVISED CODE SECTION2921.15 WAS NOT UNCONSTITUTIONAL AS A CONTENT BASED REGULATION OF SPEECH."
 {¶ 20} This Court's ruling on the first assignment of error is dispositive of this appeal. Therefore, we decline to address appellant's second assignment of error. App.R. 12(A)(1)(c).
 III. {¶ 21} Appellant's first assignment of error is sustained. This Court declines to address appellant's remaining assignment of error. The judgment of the Akron Municipal Court is reversed.
Judgment reversed.
Baird, P.J. and Batchelder, J., concur.
[1] A defendant is not prohibited from waiving the explanation of circumstances. Broadview Heightsv. Burrows (Oct. 4, 2001), Eighth Dist. No. 79161. However, the defendant in the present case did not waive the explanation of circumstances, and the prosecutor presented a recitation of the facts to the trial court before the court accepted defendant's plea of no contest.